v. Chad F. Wolf, Acting Secretary, U.S. Department of Homeland Security, and case number 20-5042, Kelly Stevenson, Appellant, v. Elaine L. Chow, Secretary, Department of Transportation. Mr. Lyons-Burke for the Appellant, Kelly Stevenson. Mr. Tutte for the Appellant, Paul S. Morrissey. Mr. Glover for the Appellant. May I proceed? May it please the Court. I, along with my colleague, represent the Appellants in this case. With this Court's permission, we will divide our time as follows. I will be arguing the issues that are dispositive for both cases for nine minutes. My colleague will argue the issues individual for each case for three minutes, and I would like to serve three minutes for a bottle. This Court should reverse both District Court dismissals below for three reasons. First, a heightened standard should apply to dismissals without prejudice, where the statute of limitations would bar refiling of those claims. Second, the District Courts below did not apply the relevant equitable factors, even under a lesser standard, to dismiss these claims. And third, because neither plaintiff below waived or forfeited any arguments. A dismissal that permanently ends a lawsuit, however styled, is effectively a dismissal with prejudice. This Court should apply the Milan Standard articulated by the Fifth Circuit and hold that a Court can only dismiss a case for a failure to serve where the statute of limitations would bar refiling when there's been a clear record of delay or consummationist conduct. This Court already applies such a standard to motions to dismiss for failure to prosecute under Rule 41B and has applied this standard to a case where the failure to prosecute was a failure to serve the defendant and that was the Angelino case. Is that the one where the marshals screwed up? No, Your Honor. This is the case where the defendant was a foreign government and the plaintiff in that case failed to serve the foreign government over an extended period of time. But wasn't there a problem with respect to the service? It wasn't the plaintiff's fault? Yes, Your Honor, that is correct. In that case... So that's hardly authority for your position here. There's a stray couple of words that you rely on, but the fact of the matter is the plaintiff was not at fault at all. In that case, yes, Your Honor, that is true. But the principle articulated by this Court is the same and that is a dismissal in that case would only be appropriate if there was no reasonable possibility that the plaintiff could obtain service. That is not the holding of the case. One of the things that drives me a little while is that education teaches lawyers to find a sentence that looks good and assert it at the holding of the case. That's not the holding. Yes, Your Honor. The holding in that case was that when there was... In that case, because the dismissal under failure to prosecute because the sovereign defendant refused to accept service and the plaintiff had other possibilities under different subsects of the rules for serving foreign sovereign governments, they should be allowed to try that before dismissing the case for failure to prosecute there. But the point was it wasn't the plaintiff's fault. Yes, Your Honor, that is correct. And we freely admit that both lawyers below made a mistake in failing to properly serve the government in both of these cases. What about Barreau versus the Embassy of Zambia? That case involved miss service efforts by the attorney, correct? Yes, Your Honor. And what test did we apply there in evaluating whether the case should be dismissed? Your Honor, I have to refresh myself on that case. I think we said that dismissal is not appropriate. A sui espante dismissal is not appropriate if there exists a reasonable prospect that service can be obtained. Yes, Your Honor. And that is the test that we believe should apply here, where a dismissal would be with prejudice. So our precedent is held even when it's attorney negligence. Yes, Your Honor. Okay, but that you know, that's not the heightened standard you're arguing for. You don't need that heightened standard. You just need us to apply Barreau. Yes, Your Honor. If this court applies that the only reasonable grounds for dismissal would be if service cannot reasonably obtained, then both of these cases could be reversed on that ground. Is Barreau a case arising under Rule 4M? I believe so, Your Honor. Or is it arising under the FSIA? It could be under the FSIA, Your Honor. In that case, I believe that was the case where the marshal. Well, you just said we should apply that test. So I think we should know whether it's under, you should know which statute it's under. Your Honor, I said you could apply that test and it would resolve both of these cases. What were the review the facts of that case in terms of service? What was the problem? I believe in that case, the plaintiff filed with the marshal to deliver service on the foreign defendant in that case, and the marshal refused to deliver the service because the marshal believed that the defendant would not accept service in that case. And the lawyer in that case failed to properly serve the defendant. Yes, but wasn't that the marshal's problem? Wasn't it? You say it was his plaintiff's fault. It's not clear that it wasn't the marshal's fault. Well, Your Honor, in that case, the plaintiff could have had other avenues to serve the defendant and chose to utilize the marshal service. And so in that sense, that would be the plaintiff's attorney's responsibility to properly serve the defendants. Perhaps, but it seems to me distinguishable from the case here today. Well, Your Honor, we believe the best rules articulated by the Fifth Circuit in Milan. Mr. Linesburg, though, what about our precedent in Mann, which says that good cause to extend time for service exists if there is good cause only exists if there is some outside factor rather than inadvertence or negligence? What is the outside factor here that explains the repeated failure to properly effectuate service under the rules? Well, for Mr. Stevenson's case, we do not believe that there was good cause for failure to serve. For Mr. Morrissey's case, we believe that the complexity of Rule 4i and the fact that the plaintiff in that case kindly served the agency, although not the United States attorney or the attorney general, constituted good cause in that case. What is complex about the rule? That was exactly the question I wanted to ask. Yes, Your Honor. Under Rule 4m, normally, all a plaintiff must do is serve one defendant, the person they are suing. Under Rule 4i, the plaintiff, when suing the United States government, must sue three people, the agency being sued, the United States attorney or the district in which they're bringing suit, and the attorney general. As the committee notes, for the Federal Rules of Civil Procedure recognized, these rules are much more complex than the rules for normal service. 4m applies to all the different forms of service under Rule 4. It's just the time for service. I thought you just said that applies when you're serving one person. 4m covers all the different forms of service, including foreign governments and the United States and routine service. Yes, you are correct, Your Honor. I misspoke. I meant to say in a normal case, the rules require only serving one individual, and the United States government is a special case because it requires serving three individuals. The committee for the Federal Rules stated that the rules should be interpreted leniently to prevent a plaintiff from losing their substantive rights due to the difficulties of serving the United States government. What is the difficulty, though? I mean, you just articulated what the rule was in about 10 seconds, right? I'm not sure how that's complex. There are additional requirements when you serve the United States, but it doesn't seem to be either ambiguous or complex. It's just additional requirements. But we certainly agree that it is not difficult. However, it is complex in the fact that you have to identify and serve three separate individuals. And that's what that doesn't make it complex. It's crystal clear what you have to do. I can't imagine any lawyer reading that and getting it wrong if that lawyer was admitted to the bar. Your Honor, we are certainly not excusing the lawyers below failure to properly serve the United States government, but it was recognized. You're suggesting it's complex, and I agree with my colleague. I don't see it as complex at all. Yes, Your Honor, and that is reasonable. The committee notes to that rule, however, do identify the rule as complicated and that it may be difficult for some plaintiffs to timely serve the federal government. However, our argument does not rest on whether it happens with some frequency, correct? Yes, Your Honor, it does. There's exceptions in rule for when you get sort of when you miss one of them. Your Honor, the exception under rule provides for a mandatory extension when you serve either the United States attorney or the attorney general. So it seems to assume that there's going to be risk of people missing one of missing one of them. Yes, Your Honor. Yes, Your Honor. And then the advisory committee notes for 4M, which is the timing issue, point to that as an example of the need for flexibility in granting extensions. Yes, Your Honor, they do. And we believe that flexibility would be warranted here. But why? As my colleagues have pointed out, the problem here is really just lawyers who didn't do their job. Would you give us your best argument as to why the concerns about the reasonable prospect of service should apply in this situation? Well, yes, Your Honor, we believe the punishment needed out by the district courts in this case does not fit the crime. In a normal case where a case is dismissed under rule 4M for failure to serve, the sanction is essentially the cost of refiling the case. It is the judicial slap on the wrist. The plaintiff has to refile their case, repay the filing fee and restart the process here. And by contrast, the sanction was the death penalty for these plaintiffs. Excuse me, counsel. Let me go back. Would you concede that it's almost racist locator as negligence on the part of lawyers in these two cases? Yes, Your Honor, we would concede that the lawyers below did not act as they should have in serving the federal government within. No, I'm asking a question on its face. Doesn't it look like negligence? Your Honor, it does. OK, thank you. Yes, Your Honor. However, we believe. Does that mean then that the individuals in both cases may well have a remedy? Your Honor, it cannot be the case that the federal rules remedy for a procedural mistake is for plaintiffs to sue their own attorneys for malpractice. Why? Well, Your Honor, because the very first federal rule states that all federal rules should be interpreted in a way to provide for the just, speedy and inexpensive resolution of cases. So, so that that's designed to protect lawyers? Your Honor, that is designed to protect litigants. Yes, so if the litigants have a right of action here, presumably, then it's not such a drastic remedy at all, is it? Well, Your Honor, if the only interest was these plaintiffs receiving remuneration for their discrimination by the government, then that may well be the case. However, both of these plaintiffs have an interest in airing their case in court and have it in being heard and in, hopefully, holding the government responsible for that discrimination. It is not purely remunerative benefits that come from a plaintiff bringing their case in federal court. There are also other benefits of having their issues heard, of having their day in court that would be deprived if plaintiffs were forced to litigate against their attorneys for malpractice. Wouldn't be hard litigation? Perhaps not, Your Honor, but it would not fulfill these plaintiffs' desire to have their day in court and to have their cases heard. Mr. Linesburg, let me ask you another question. So, in these cases, the plaintiffs are able to sue the government because the government has waived its sovereign immunity under the relevant statutes. Yes, Your Honor. So, why, I mean, are these procedural rules, should we read the Federal Rules of Civil Procedure to also be part of that waiver of sovereign immunity, right? Therefore, the government allows itself to be sued, but only when people, you know, only when plaintiffs comply with these rules. Well, Your Honor, when Congress passed that statute allowing plaintiffs to see after going through the EEOC process, they adopted the background rules of federal litigation. There is no indication in that statute that Congress intended for an especially strict interpretation of the Federal Rules to apply simply because they were the subject of the lawsuit. Well, I mean, it's just, though, it is part of, I mean, if that is, though, I mean, it is a rule that's passed by Congress, right? And it is the way that plaintiffs have to serve the government. Well, Your Honor, the service of the government is in the, please continue. You know, it could be that the government says, you know, we need this type of notice in order to properly protect our rights, you know, when we have waived our sovereign immunity to be sued. Well, Your Honor, if Congress had intended for that interpretation to apply, they are perfectly capable of including that in the statute that creates the right of actions, the cause of action to begin with. By being silent on the issue of what rules should govern the litigation once plaintiffs make their way into federal court, Congress, presumably- Well, they're not silent. They have the rules of civil procedure. Hasn't the, didn't the Supreme Court say in Irwin versus Department of Veterans Affairs that once the United States waives sovereign immunity, it's subject to the same principles on timing, statutes of limitations and timing and exceptions to statutes of limitations like equitable tolling as all the other parties? Yes, Your Honor, and that is another reason that once plaintiffs make their way into court based on the EEOC right to sue letter, they are governed by the same rules as all other litigants. The Congress has already created a harsh penalty for failure to timely act on their rights because after going through the EEOC process, plaintiffs are given a 90-day right to sue letter. So they must bring their suit in federal court within 90 days of receipt of that letter or their claims are permanently barred. Okay, do my colleagues have, over time here, Mr. Lyons-Burke, do my colleagues have more questions for you? No. Okay, I think we'll hear from Mr. Tutte now. Thank you, Your Honor. Thank you, Your Honor. May it please the court. I am only going to take three minutes. I join my colleague in saying that this court should, has a very clear path to reversal just to apply the heightened Milan standard already applied in the Fifth Circuit to avoid opening a circuit split with the Fifth Circuit on that issue. And because it's the appropriate standard to apply in cases like this one involving a minor breach of the federal rules, it can be easily remedied by a short extension of time. I am going to be addressing issues unique to the two cases, grounds for reversal in the Morrissey case and grounds for reversal in the Stephenson case that are separate and apart from the common questions. In Morrissey, there are two reasons. There are two grounds to reverse. First, that there was good cause to extend time in the Morrissey case. And second, that the court abused its discretion as a matter of law because the court drew an adverse inference from the existence of Rule 4I4 that was legally erroneous and therefore a abuse of discretion by definition. Can I start with that latter point about the error of law, please? Yes, Your Honor. Yes. So Rule 4I4, which I think to Judge Rao's question is further evidence that Congress actually wants to keep these cases in court, says that when partial service is affected under Rule 4I2, that because the attorney general has been served or the U.S. attorney has been served, all other parties who you are given a mandatory extension of time to serve all other parties that must be served. The court held that because this case doesn't fit that profile, because he had served the named defendant rather than the U.S. to come under that mandatory extension. That actually weighed against a discretionary extension. Actually, aren't you overstating what the district judge said? I don't think I am. The court said... What was the exact words? Didn't he just make an observation? He said that he does not come within the four corners of Rule 4I2. But then he said, and I want to quote, it's very close to a quote, further weighing against a discretionary extension here. What is his exact words? I'm afraid I am operating under COVID digital... I'll read it to you. I apologize. I'll read it to you. I will read it for you on A34. The choice to provide relief for some instances of partial compliance with Rule 4I, but not with the instance of partial compliance we have here, is yet another factor that counsels against an extension of time. The rule provides some relief from the complex requirements of Rule 5, but they do not contemplate relief in this case. That's what's said on A34. So he said it was a factor, counseling. Yes, Your Honor. And so we think that he put some weight on that, that his conclusion to some extent, however minor, relied on that. And that because that's a legal error, you would have to, at minimum, send it back and allow him to reweigh it with an appropriate understanding of the Rule 4I4. How is that a legal error? Your Honor, are you... I guess I just don't understand why it would be a legal error to read the rule that way. As like... Your Honor, that is... Your Honor, we think that the rule is absolutely clear, and especially read in conjunction with the advisory committee notes to the rule, that 4I4 should not be read to draw negative inference. Just at a basic level, it means that if he hadn't done anything at all to serve the government, he would have been in a better position, because there would be no factor to weigh against him for failing to come within 4I4. So it would mean that if you actually do what Mr. Morrissey did here, which is actually get halfway there, you're in a worse position than a litigant who does nothing. I think you're slicing the salami pretty thin, to call it a legal error. Your Honor, the court below's opinion is very short and only looks at a small number of has an outsized weight on the scale, because the only other factors that the court considered were that he had an attorney and that he had made partial service. I'm blanking on the other factor at the moment. But I'd like to turn to Mr. Stephenson. I think he has another ground for relief here, too, that's unique to him, which is that if and this is very straightforward. If you look at the December 5th minute order the court issued dismissing his case, the court says that he is required to dismiss the case for failure to effect timely, complete service and makes no mention of any consideration of his discretion to give an extension. So the minute order shows no evidence that the judge believed that he had discretion to provide an extension. And on the motion for reconsideration, if you look at it, the district court takes the view that an extension should have been sought in advance and that the failure to seek an extension in advance is a reason for denying any further discretionary extensions. So further showing that the court is actually conflating two distinct concepts, which would be the court always has discretion to extend deadlines, except in very limited circumstances when asked in advance. But Rule 4M envisions that courts will give notice and give litigants an opportunity to make service if the grounds for a discretionary extension are met. And I have nothing further. If the court has no further questions. My colleagues have any further questions? No questions. All right. Thank you, Mr. Tutte. We'll hear from the government now. Good morning, and may it please the court. I'm Matthew Glover, and I represent the government in both of these cases. In these cases, the district courts at every step of the way considered the facts that were in front of them, the appropriate, applied the appropriate legal test, and ultimately dismissed the cases and denied motions to reopen and for rehearing. These cases are a result, as Mr. Lyons-Burke conceded, of foot faults by plaintiff's lawyers below. And now on appeal, they're raising new arguments seeking to do away with or erase the foot faults. And we think in the abusive discretion standard, the district courts looked at the factors that were presented to them, looked at this court's, in Morrissey in particular, looked at this court's opinion in Mann and the factors described there, and reached an appropriate conclusion. Why should there be a different standard for dismissal based on attorney negligence in there is in the failure to prosecute context, including failure to prosecute by service? Your Honor, I apologize, and maybe my speaker, you cut out there, you said in a different context, and then I lost you for about five or six seconds. Sorry about that. I've turned the volume up, though. I apologize. Why should there be a different standard, just in the context of attorney negligence here, for dismissing a case out of hand based on attorney negligence rather than merits when it's a service failure rather than a failure to prosecute, where we definitely require more? So a couple of points to that, Your Honor. Failure to prosecute is always a dismissal on the merits. And so to invoke that rule, you need to have actions in which you're acting on the merits. And failure to prosecute dismissal is a sanction. Rule 4M contemplates that if you fail to provide service within 90 days, the court shall, and then it provides two options. I'm talking. I should have been clearer. I'm talking here about the subset of cases where this is the end. There will be no merits where there is no time to refile. I apologize.  And why should we allow attorneys to mess up and be negligent and nonresponsive for months, if not years, for a failure to prosecute, but not for a few weeks on service? So I would make two points to that, Your Honor. One is when you hire your attorney, you're tied to the actions your attorney acting on your behalf and making mistakes. I agree. But my second point would be failure to prosecute is a sanction. Here, you're always going to be able to say, give me more time. I could serve. I don't know what a lesser sanction would be. The failure to prosecute. Lesser sanction would be a fine. In order to show cause, a fine. So Rule 4M doesn't necessarily contemplate, at least I don't read it to contemplate anything other than a dismissal or providing reasonable time for service. I suppose you could say the United States government's position that those are the only two options. I'm not saying that they're absolutely the only two options. I'm saying the rule says that you shall either dismiss or provide a reasonable time. Sure. But courts always have the authority to sanction attorneys who are misbehaving. That may be the case, Your Honor. We don't. There are times we don't. Your Honor, I confess. I'm not sure. I haven't looked at district court rules with regard to sort of what process is required for a monetary sanction or something like that. I'm not saying that they don't have those equitable authorities. I just couldn't delineate what the test is for when you would apply or what process you might be due before a monetary sanction. But on this, I would also, I apologize. Did I interrupt you? No. Okay. I would also point out that they did not argue below for this heightened standard. And we think this fits clearly and similarly to GSS group. Okay. But I'm putting aside the heightened standard. I'm just going, I'm looking at, we have an awful lot of cases involving all different forms of attorney negligence, including failure to prosecute by service, where we have required a higher showing before we dismiss, at least when we know that that's going to be the end of the case. And I'm just having trouble understanding why, particularly in Mr. Morrissey's case, where there wasn't even one extension of time. Your Honor, I understand. And if I could step back for a second and make clear, the government's position is not that it would have been unreasonable for the district court to have given an extension in either of these cases. In the abuse of discretion standard, you know, there's obviously a broad range of action. Yeah, but your position is that it's perfectly reasonable for them not to. Can you just find me another case anywhere where there has been a dismissal of a case that will end that case? It cannot be refiled without either a single extension or an order to show cause for the attorney to explain what's going on. Can you cite a single case? Yes, I would point to the Colasante versus Wells Fargo that cited in our brief. It's out of the Eighth Circuit. If I could walk through the facts there briefly, it was under the same rule. But when the period was 120 days, the plaintiff there, I believe, was in the Southern District of Iowa. It was in the Iowa District Court. The plaintiff was needing to serve Wells Fargo at its headquarters in San Francisco. On the 118th day, the attorney contracted a process server. The process server didn't manage to serve Wells Fargo till the 121st day. Now, that was not a notice and dismissal. Wells Fargo moved to dismiss state law claims on a different ground and the federal claims on the ground of a failure to effect service in the 120-day period. The district court there considered the statute of limitations, among other factors, and decided that the fact that they had waited till the 118th day to seek out a process server, and the attorney explained that his client had moved, and the district court said, well, you didn't make an effort to stay in contact. That sounds like a case where they had a full opportunity to brief the issue to the court. They had a full opportunity. Before there was a dismissal, and I was asking for a situation where there's not even an order to show cause or an extension, just an immediate dismissal. So, cases that I have found where you have this sort of notice, as we had in Morrissey, and then you have a dismissal that follows purely on the docket, typically, there hasn't been a response, and so you didn't take the time to explain. So, you have some other cases where there's been a docket entry before the time has even run, and then when the time runs, a prompt dismissal without an order to show cause. I mean, in Mr. Stephenson's case, the court waited a couple, gave a couple weeks, and then issued an order explaining what should happen and gave on its own motion, or its own decision, a couple more weeks, and Mr. Morrissey's case is quite starkly different in that regard. So, I would make two points to that, Your Honor. The first is that there are a number of instances where the district court gives the notice or the reminder saying, please affect service by the deadline in advance. I'm not going to say that I found a case in which the dismissal was on the 94th day. I've found somewhere that- I can't even find a single case. I'm sorry, finish your sentence. I apologize. I found some where the dismissal, there was a show cause in advance. There was a discretionary extension of, I think, 14 days, and then the dismissal on the 113th day out of California, and I found one- Yeah, I'm just saying, do you have one that's like this, where there's no discretionary extension at all, or an order to show cause? So, I think the- no, I don't have a case on all fours with that. This would be the first case that has ever done that, that you could find or I could counsel could find. True. I would make just one point on that, though. As Mr. Tutte points out in the Morrissey reply brief, the U.S. reports clearly don't have that, and the U.S. reports are going to be searchable. When you have the scenario we're talking about, and in Morrissey, they were initial minute order, although the second order was not a minute order. Those don't tend to have been picked up. You can search dockets- But look, you represent the United States government. We're talking about the, you know, the unique service obligations for the government. I assume you're not aware. No, my only- Do you have any colleagues who are aware, as you were preparing this case? No, I spoke with colleagues. My only point was going to be it's much tougher to search dockets, and I did attempt Lexis docket searches and found some dismissals on 113th and 116th day, but the Lexis docket searches tend to be only the past few years, and there isn't a pacer for the Court of Orders, and for the district courts, you can't search orders. At least I searched about 10 or looked at 10 webpages, and I didn't see any that had that option, and also with the Lexis dockets, they tend to be just the past few years of Lexis dockets, so for example, some of these older cases, I wasn't even able to find the district court docket for some of the cases in the 90s that we cite in the briefs, or the Court of Appeals dockets. I was only able to find the one Westlaw opinion. No, I appreciate your diligence. You clearly have been very diligent, and I think we're still left at the same position where I started, and there's never been a case like Mr. Morris's that we can find, but none of us can say for sure. I think Dixon, which we cited. Is there any case going the other way? I'm not aware of one. I would point judgment. You're not aware of cases where there's been either an order to show cause or extension by the court. I think Mr. Stevens would be a case that is done otherwise. I took Judge Silberman to ask about a case in which there had not been an order to show cause and not an initial extension, and it was appealed, and that was the sole grounds for giving another chance on appeal. I apologize. I took him to mean a holding of the Court of Appeals, sending the scenario you were asking me about in the district court back. Given that I haven't found that scenario, I don't have a case sending one back. I think Dixon. You don't have a case either way on this situation, do you? No, I think, and I'll venture, and I apologize. I don't want to conflate Dixon and Richard versus Steverson. Dixon, which we quoted, Westlaw has available the district court's one paragraph order, and then it has available this court's summary affirmance there, and I don't recall if I was able to get, I think it's from about 2002, the district court docket, but the dismissal was one paragraph, and it mentioned that an affidavit had been filed after the notice, but the affidavit didn't explain how they had served the United States. It was a case under, I believe, what was then still Rule 4I before, after it had moved from 14 for serving the United States. Do you agree with me that the prior cases for failure to prosecute in which the court was more merciful to the plaintiff, all involved cases in which the marshals or some other factor caused the difficulty in service? Yes, Your Honor, and if I could comment quickly on, and I'm not sure how the first name is You know, it wasn't cited in the brief, so I've only looked at, I only have the slip copy with me, but I've looked at the slip copy during petitioner's argument, or plaintiff's argument. From page three to four, the court describes, as Judge Rao noted, that that was under service under the Foreign Sovereign Immunities Act, and it describes that the court has a central role to play there, and I think it's slip three to four, it mentions how the marshal, which is who the court is ordering to serve, served the embassy of Zambia in D.C., but you were supposed to serve, I think, the Foreign Affairs Ministry, or their equivalent, in Lukasa, or Lusaka, the capital of Zambia, I believe is Lusaka, and so there was an error by the court there, which, Judge Silberman, that's the sort of mistake you're describing, so I don't think that case is on there. Look at Roman two of that opinion, all right, and now it's saying, in general, district courts have broad discretion to dismiss a complaint for failure to effect service. That's not talking about the FSIA. I think that would apply generally. The court has cautioned, however, in cases of sui esponte dismissals for inadequate service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained. There's nothing about a language that's confined to the FSIA context, and both, you know, rule four was also raised in the briefing in that case, and then the discussion after that is not about the court's failure. It's about Barreau's latest service attempt, and he got something wrong, but they thought there was a reasonable prospect, so it's just the Roman two portion here seems to stand separately. Your Honor, I would point in Roman two to directly after the citation to the string cite of Angelino and then Peterson. Because of the district court's statutory responsibilities and prominent role in the That was a factor. It was the first factor the court described, and I would just step back and say when you have a situation like Colasante, where they served on the 121st day, the other party can come in and file a motion to dismiss, and that allows you to dispute the motion to dismiss, but it doesn't give you sort of an extended period of time or notice after the deadline that you get more time to serve. The court there is citing for its rule Peterson versus Archstone communities. That's not a foreign service case or in sovereign case. That's actually an age discrimination case. Would you apply in the lack of prosecution standard that I've referenced citing that to support a service rule? So I don't think this is confined to foreign service here. This language. Understood. Sorry, would you would you agree with my colleague that the court announced the rule, or would you say it was an adjudication in which the holding depends on the facts of the case rather than a statement. Judge Silberman, I would agree with. I apologize judgment. I was coughing. I'm sorry. Judge Silberman, I would agree with you that it was an adjudication in which the court and the factors that I began with. I know that I'm over time if I can. You know, the court was evaluating factors there, the first of which was the district court's prominent role. And if I can step back and say this is a rule context. And so there has to be some scenario in which when, as the Seventh Circuit described in took when a rule has a deadline missing it by even one day can be fatal. And so here we think the district courts provided the required notice. They waited for a response. The purpose and the purpose of the notice, if I can actually step back and point to a case that Mr. Stevenson cites at page 36, I believe it's his reply. It's Ruiz Vela. It's a First Circuit case. Just a second. In Ruiz Vela, the First Circuit held that you could not provide notice, dismiss, and then allow them to file a Rule 59E. And that although Rule 4M contemplated notice before a sua sponte dismissal, that was okay. So long as you provided this after dismissal opportunity to contest, it followed a Ninth Circuit case from the prior year, 1986, called Whale. This court did not adopt that standard in a pro se case called Smith Bay v. Cripe at 852 F. 2nd, 952. This court there said, given the pro se nature of the individual, we think that the notice required in 4M is notice before you dismiss. And so we're not adopting this standard where you can dismiss and then give an opportunity afterwards. In both of these cases, they gave notice beforehand. And in Dixon, which again was a summary affirmance by this court of a one-paragraph dismissal, the court cited Smith Bay for the proposition that the standard for Rule 4M was very clear. And if I could just make one more comment on Dixon. I know that Mr. having, you know, the discretion in both Dixon and Steverson, the district court orders, which I think were one paragraph. And then, you know, and this is dismissed in the next sentence. So maybe that counts as two paragraphs. Neither described a discretionary extension. And the argument that the district court needs to say that it's not exercising its discretion in its order was raised by court appointed amicus at page 45 of their brief and Rashad versus Steverson. And this court did not accept that argument then. And if I could make one additional. Robert, can I ask you a question? Are you aware of cases in which this court has found it was an abuse of discretion for the district court not to exercise its discretion the way other district courts may have done so in the past? I'm not aware of any in terms of the discretionary extension. Sort of right. So if we believe that the authority here is discretionary, do we have to judge whether it's an abuse of discretion based on how other judges may have exercised their discretion in the past? I don't think so. I would just say that we cited Oklahoma Aeronautics for the point that the abuse of discretion is very flexible. And we cited a couple of cases after that. And I can't recall the other names, but one described that abuse of discretion is when there's a standard of options that a court could act. And I tried to make this point in my opening that, you know, the district court has, you know, a range of things that it can do. And we believe in both of these cases, the way that it acted was within that range. If I could make one point, I know I'm in the red light and I shouldn't be raising new issues. But just to respond to the rule for eye discussion that the court had with my friend, Mr. Tutte, the court considered the fact that the rule did allow for an extension there as one factor. It didn't say that it was a legal test. It was weighing it as a factor. And in Mann, when this court described the factors, including statute of limitations in Mann, that were being weighed in the discretionary, the declining to give a discretionary extension, the court described the requirement that the district court make a clear error in its findings about how to weigh those factors. And so I don't think it's a legal error to have considered the structure of the statute, say the structure of the statute does provide automatic extensions in some cases. It doesn't provide them in this case. That's to say that there must be some case in which you haven't served the attorney general and U.S. attorney in which you could dismiss. And I'll close just to pick up on a point that Judge Rao made in the opening that the triple service here is important to the United States because under 28 U.S.C. 516, the Department of Justice is the only body except for otherwise provided by statute that can go into court and represent federal entities. And so serving the attorney general allows for national consistent management of litigation. Serving the local U.S. attorney allows for serving the department's office that's going to be closest to the court, have the most familiar with the local rules, and it ensures that cases don't fall through the cracks when the government's a very frequent defendant. Mr. Glover, do you think that those procedural requirements are part of the waiver of sovereign immunity by the government? I confess, Judge Rao, I had not thought of that. And I hesitate to take a position on behalf of the United States for fear someone upstream of me in the department's authority would have views on it. I am aware of Irwin's discussion that Judge Millett mentioned about equitable tolling. I'm not sure if that goes that would incorporate also rule 4M. Though for statute of limitations is different than service of process, right, which goes both to this court's jurisdiction and might go to the waiver of sovereign immunity. Yes, Your Honor. Again, I'm not sure, and I haven't thought it through enough to take a point or to sort of take a position on that. If the court would like more briefing, I can certainly, you know, think more about that and the government can present a position on that if it's important to the court. I think it's a I just thought it was an interesting point. And I agree, but I apologize. It just I had not it has not occurred. More an aspect of sovereign immunity than what discretion would the courts have in rule 4I cases? Well, they have the discretion that's given in the rule. Yes, and I suppose that includes what we're talking about here. We're trying to figure out what the discretion in the rule is. Yes, yeah. All right. I guess my point is that it might go to how we think of whether something is an abuse of discretion if the rule, in part, is designed to protect the sovereign interests of the United States. Yeah, the clever would. Did you have? I'm sorry, are you done? Are you done? Yes, thank you. Do you guys have more questions or Mr Glover? Did we interrupt your sum up point or anything? No, you did not. Excuse me. I have no questions. No, you did not. Your Honor. I know I'm well into the red light. So thank you for the court's time. And if the court has no further questions, the government would ask you to affirm in both cases. All right. Thank you. And for I think we'll just have to give the only one of you is during rebuttal. Is that correct on the side? Yes, Your Honor. I am. We'll give you two minutes. Thank you, Your Honor. I would like to make three brief points on rebuttal. The first point I would like to make is that the government below did not contest that a standard would be appropriate in these cases where dismissal without prejudice would permanently bar a plaintiff from refiling their case. The second point I would like to make is that the cases in this circuit make clear that the it is the policy of this circuit to keep cases in court, if at all possible. And I would like to quote this court from English speaking union that were dismissal on procedural grounds would be the death knell of a lawsuit. And that dismissal should only be used as a last resort. We submit that the district courts here use that as a first resort, not as a last resort in these two cases. And finally, I would like to mention the fact that Judge Rouse point and to the point of protecting the government's sovereign interest. There is no finding of prejudice here. The government does not contend on appeal that there would be any prejudice from continuing these cases. And it is the stated purpose of the federal rules and the committee notes for rule four that cases against the government should not be dismissed when it would result in the loss of substantive rights to the plaintiff. And that is what happened to both plaintiffs here. Thank you. My colleagues have any further questions? No further questions. OK, thank you very much. The case is submitted.
judges: Millett, Rao, Silberman